UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAWSON,

       Plaintiff,                        Hon. Paul L. Maloney

v.                                             Case No. 1:07 CV 1219

UNKNOWN WARR, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Scott Holmes, M.D.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)</u>, (dkt. #20), and <u>Defendant McKee's and Warr's Motion for Dismissal under Rule 12(B) and for Summary Judgment under Rule 56(B)</u>, (dkt. #21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant Holmes' motion, (dkt. #20), be **denied** and Defendant McKee's and Warr's motion, (dkt. #21), be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. On May 7, 2007, Plaintiff injured his elbow playing basketball. Plaintiff informed Defendant Warr that he was experiencing "serious pain." Warr responded that he "would not contact health care for that shit." Plaintiff later attempted to obtain medical attention by pressing the medical call button in his cell. This was ignored, however, and Plaintiff "didn't see health care that day." Plaintiff was examined by Defendant Holmes on May 15, 2007. Despite Plaintiff's assertion that he could not bend his elbow and

x-rays which revealed an "abnormality," Defendant Holmes did "nothing" to treat Plaintiff's elbow injury. As a result, Plaintiff experiences "chronic pain."

Plaintiff initiated this action on December 5, 2007, against Defendants Holmes, Warr, and McKee, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants now move for dismissal and/or summary judgment. As discussed below, the Court recommends that Defendants Warr and McKee are entitled to summary judgment, but that Plaintiff's claims against Defendant Holmes must go forward.

### **STANDARD**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). Furthermore, complaints filed by pro se plaintiffs are held to an "especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357

(6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery."  *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.        Defendant Holmes**

Defendant Holmes asserts that he is entitled to dismissal of Plaintiff's claims on two grounds: (1) Plaintiff has failed to properly exhaust his claim, and (2) Plaintiff has failed to state a claim upon which relief may be granted.

    A.    Exhaustion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386-87 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is
> required by the PLRA to 'properly exhaust.' The level of detail necessary
> in a grievance to comply with the grievance procedures will vary from

> system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 127 S.Ct. at 922-23.

On July 19, 2007, Plaintiff submitted grievance IBC-07-07-2150-12d, in which he alleges that on May 15, 2007, Defendant Holmes failed to properly treat his elbow injury. (Dkt. #20, Exhibit C). Plaintiff pursued this grievance through all three steps of the grievance process. Defendant Holmes asserts that this grievance does not constitute "proper exhaustion" because it was "very untimely." While the grievance may not have been timely filed, prison officials did not reject it for this reason. Instead, prison officials, at all three steps of the grievance process, denied the grievance on the merits. In seeking to dismiss Plaintiff's claim as unexhausted, Defendant Holmes cannot rely on a rationale that prison officials did not invoke during the grievance process. *See, e.g., Cromer v. Chaney*, 2008 WL 4056314 at *5 (W.D. Mich., Aug. 27, 2008) (a prisoner fails to properly exhaust his claims only if he fails to complete the grievance process in accordance with the deadlines and other applicable procedural rules *and* prison officials actually denied review of the grievance because of the prisoner's failure to comply with such). Accordingly, the Court concludes that Plaintiff has properly exhausted his claim against Defendant Holmes.

### B. Failure to State a Claim

Defendant Holmes asserts, in the alternative, that he is entitled to dismissal of Plaintiff's claim because such fails to state a claim upon which relief may be granted. As noted above, Plaintiff asserts that Defendant Holmes did "nothing" to treat his elbow injury.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and

are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

Defendant Holmes argues that Plaintiff's claim must be dismissed because Plaintiff did, in fact, receive treatment for his elbow, but is simply unsatisfied with the treatment provided. Defendant is correct that to the extent that Plaintiff merely disagrees with the treatment he received or asserts that he received negligent care, such fails to state a claim upon which relief may be granted. *See, e.g.,*

*Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).

While Defendant Holmes may ultimately present evidence in support of his position, at this juncture the Court must accept Plaintiff's allegations as true and construe the complaint liberally in his favor. When so construed, the Court concludes that Plaintiff may very well be able to establish facts in support of his claim that would entitle him to relief. To put it bluntly, Plaintiff asserts that Defendant Holmes did "nothing" to treat his elbow, despite x-rays which revealed an "abnormality" and Plaintiff's assertions that he was experiencing "serious" pain and could not bend his elbow. Such clearly states a claim upon which relief may be granted. Accordingly, the Court recommends that Defendant Holmes' motion to dismiss be denied.

**II.        Defendant McKee**

The only allegation which Plaintiff asserts in his complaint against Defendant McKee is that McKee has refused to "make staff follow policy." To impose liability on Defendant McKee, Plaintiff must establish that he was personally involved in the actions giving rise to his claim. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("the supervisors must have actively engaged in unconstitutional behavior. . .[because] liability must lie upon more than a mere right to control employees and cannot rely on simple negligence") (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998).

Plaintiff has failed to allege that Defendant McKee was personally involved in the matters giving rise to this action or otherwise actively engaged in unlawful behavior. Defendant McKee has submitted an affidavit in which he asserts that he "had no personal involvement in the incident related in this Complaint." (Dkt. #22, Exhibit 4). Plaintiff has presented no evidence to the contrary. Accordingly, the Court recommends that Defendant McKee is entitled to summary judgment.

### III.  Defendant Warr

Plaintiff asserts that after injuring his elbow, Defendant Warr refused to secure medical attention for him. Specifically, Plaintiff asserts that when he asked Warr to contact health care, Warr responded that he "would not contact health care for that shit." Defendant Warr has submitted an affidavit in which he denies the allegations in Plaintiff's complaint. (Dkt. #22, Exhibit 3). Defendant Warr further states:

> On May 5, 2007, when prisoner Dawson told me that he hurt his elbow, I called health care. Health care did not answer the phone, as they were running medication lines. I gave that information to prisoner Dawson, and said I would call back when med lines were completed. Prisoner Dawson replied to me, "fuck it, I will deal with it." Prisoner Dawson's elbow was not bleeding, and he was bending his elbow.

*Id.*

In response, Plaintiff has submitted no evidence but has instead opted to simply rely on the allegations in his complaint. The evidence submitted by Defendant Warr establishes that he neither knew that Plaintiff "faced a substantial risk of serious harm" nor disregarded such "by failing to take reasonable measures to abate it." As Plaintiff has failed to present any evidence refuting such, the Court recommends that Defendant Warr is entitled to summary judgment.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Defendant Scott Holmes, M.D.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)</u>, (dkt. #20), be **denied**; and <u>Defendant McKee's and Warr's Motion for Dismissal under Rule 12(B) and for Summary Judgment under Rule 56(B)</u>, (dkt. #21), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 17, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge