UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAWSON,
        Plaintiff,

                      No. 1:07-cv-1219

-v-

                      HONORABLE PAUL L. MALONEY

UNKNOWN WARR, ET AL.,
        Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Brandon Dawson, a prisoner under the control of the Michigan Department of Corrections (MDOC), was injured playing basketball on May 7, 2007. Based on the alleged lack of response to requests for treatment of his injury, Dawson filed suit against Warr, a corrections officer, Scott Holmes, a doctor, and Kenneth McKee, the warden at the facility. Defendant Holmes filed a motion (Dkt. No. 20) to dismiss. Defendants Warr and McKee filed a motion (Dkt. No. 21) for summary judgment. The magistrate judge reviewing the motions issued a report (Dkt. No. 34) recommending the motion to dismiss be denied and the motion for summary judgment be granted. Defendant Holmes filed objections. (Dkt. No. 35.) Plaintiff Dawson also filed objections. (Dkt. No. 42.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific

are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

    A. Defendant Holmes' Motion to Dismiss (Dkt. No. 20)

Defendant Holmes argues Plaintiff failed to timely file his grievance and therefore failed to exhaust his administrative remedies. The magistrate judge agreed Plaintiff failed to timely file his grievance against Defendant Holmes. However, because the grievance was addressed on the merits at each stage of the grievance process, and because no respondent ever denied the grievance on the basis that it was not timely, Defendant Holmes cannot rely on the argument that the grievance was not timely filed. Defendant Holmes objects, asserting Plaintiff did not properly exhaust his administrative remedies.

Defendant Holmes' objection is denied. Federal courts in both the Eastern and Western Districts of Michigan have consistently held that when the MDOC opts to address the merits of an untimely grievance, the claim has been exhausted. *See Abbruzzino v. Hutchinson*, No. 08-cv-11534,

2009 WL 799245, at * 5 (E.D. Mich. Mar. 24, 2009) (collecting cases). This court has twice reached a conclusion contrary to Defendant Holmes' position. *Heggie v. MDOC*, No. 1:07-cv-1024, 2009 WL 36612, at * 3 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.); *Baker v. Vanderark*, No. 1:07-cv-004, 2007 WL 32244075, at * 8 (W.D. Mich. Nov. 1, 2007) (Maloney, J.). The authorities cited in the objection do not undermine the magistrate judge's conclusion. In each of the four cases cited by Defendant Holmes, the MDOC rejected the grievances as untimely *during the grievance process*.[1] *Vandiver v. CMS, Inc.*, No. 1:06-cv-547, 2007 U.S. Dist. LEXIS 72729, at * 10 (W.D. Mich. Aug. 13, 2007) (Brenneman, Mag. Judge) (report and recommendation) ("The MDOC determined that plaintiff's grievances filed in 2005 and 2006 were untimely"); *Michowski v. Mathai*, No. 06-11876, 2007 U.S. Dist. LEXIS 37447, at *10 (E.D. Mich. May 23, 2007) ("While Plaintiff's grievances were reviewed, at no point did any prison official address the merits of Plaintiff's grievances. On the contrary, the Grievance Coordinators denied all eight of Plaintiff's grievances as untimely at all three steps."); *Colston v. Cramer*, No. 06-cv-14842, 2007 U.S. Dist. LEXIS 43724, at *9 (E.D. Mich. Mar. 22, 2007) ("[T]he grievance was rejected as being vague and, more importantly, as being untimely."); *Reeves v. Wolever*, No. 1:06-cv497, 2006 U.S. Dist. LEXIS 79243, at *4 (W.D. Mich. Oct. 31, 2006) ("His grievances are rejected as untimely, and the prison and the MDOC refused to process them.").

Defendant Holmes also argues the complaint fails to state a claim for deliberate indifference to his medical needs. The magistrate judge concludes the allegations in the complaint, viewed as true of the purpose of Defendant's 12(b)(6) motion, do state a claim for deliberate indifference. Plaintiff alleges an x-ray was taken, which revealed an abnormality. (Compl. ¶ 16.) Plaintiff alleges

---

[1]Defendant attaches copies of the unpublished cases from the LEXIS database.

3

he explained his situation to Defendant Holmes, that he was denied medical attention, and that Defendant Holmes did nothing, even though Plaintiff could not bend his elbow. (*Id.* ¶ 17.) Plaintiff alleges he continues to have chronic pain. (*Id.* ¶ 18.) Defendant objects. Defendant argues, the documents Plaintiff attached to his complaint show x-rays were taken. Defendant points out, in the grievance, Plaintiff complained that Defendant Holmes would not drain the fluid from his elbow. Defendant argues Plaintiff may not be happy with the treatment provided, but that does not constitute deliberate indifference.

Defendant Holmes' objection is denied. Taking the complaint, and the documents attached, in a light most favorable to the nonmoving party, the complaint does state a claim upon which relief may be granted. Plaintiff has alleged an injury severe enough to require x-rays and which prevented him from bending his elbow. Plaintiff has alleged Defendant Holmes was aware of the injury. Plaintiff has alleged Defendant Holmes did not treat his injury. Defendant's objection is a defense of his decision not to provide the treatment requested by Plaintiff. While the Defendant's decision not to provide the requested treatment may ultimately be validated, it is not a proper consideration in a motion to dismiss.

B. Defendants Warr's and McKee's motion for summary judgment (Dkt. No. 21)

Plaintiff alleges Defendant McKee is liable because he refused to make staff follow policy. The magistrate judge concludes Plaintiff failed to allege or establish that Defendant McKee had any personal involvement in the incident giving rise to the allegedly unlawful behavior. Plaintiff objects. Plaintiff argues Defendant McKee was involved when he signed the Step II grievance.

Plaintiff's objection is denied. Plaintiff has not established a basis for which Defendant McKee can be held liable. Plaintiff has no due process right to file a grievance and claims arising

4

from rejecting or failing to respond to a grievance are properly rejected. *Taborelli v. MDOC*, No. 1:09-cv-408, 2009 WL 2170231, at * 4 (W.D. Mich. July 21, 2009) (collecting cases from the Sixth Circuit); *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding, when the claim against a prison official arises from a denial of an administrative grievance, as opposed to direct participation in the act being grieved, the claim is not cognizable under section 1983).

Plaintiff alleges Defendant Warr refused to secure medical treatment for him. The magistrate judge concludes Defendant Warr pursued medical treatment for Plaintiff, was told the medical staff was busy, and relayed the information to Plaintiff who replied "I'll deal with it." Plaintiff objects. The essence of Plaintiff's objection is that Defendant Warr should have done more to secure medical treatment for Plaintiff.

Plaintiff's objection is denied. Plaintiff's objection does not undermine the magistrate judge's reasoning or conclusion. Plaintiff offers no evidence on this issue other than his complaint. Plaintiff offers no evidence indicating Defendant Warr observed Plaintiff in excruciating pain. When Plaintiff informed Defendant Warr that he, Plaintiff, would "deal with it", Defendant Warr had no basis for knowing Plaintiff had a substantial risk of serious harm. At that point, Defendant Warr did not disregard a substantial risk of serious harm by failing to take reasonable measures to abate it.

CONCLUSION

For the reasons provided, the report and recommendation is adopted as the court's opinion over objections. Defendant Warr's and Defendant McKee's motion for summary judgment is granted and they are dismissed from the action. Defendant Holmes' motion to dismiss is denied.

5

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED**:

1. The report and recommendation (Dkt. No. 34) is **ADOPTED** as the court's opinion **OVER OBJECTIONS.**

2. Defendant Holmes' motion (Dkt. No. 20) to dismiss is **DENIED.**

3. Defendant Warr's and Defendant McKee's motion (Dkt. No. 21) for summary judgment is **GRANTED.** The claims against Defendants Warr and McKee are **DISMISSED WITH PREJUDICE**.


Date:  January 14, 2010                                  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         Chief United States District Judge