UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAWSON,

       Plaintiff,

                                                        Case No. 1:07-cv-1219

v.

                                                      HONORABLE PAUL L. MALONEY

HAROLD WARR, et al.,

       Defendants.

_____/

## ORDER REGARDING ISSUANCE OF SUBPOENAS
## AND WRITS OF HABEAS CORPUS AD TESTIFICANDUM

      If a witness is a prisoner, you MUST file a motion asking the Court to issue a writ of habeas corpus ad testificandum for that person. In the motion, you must tell the Court WITH SPECIFICITY what the testimony of the witness(es) will be and why the testimony is important to your case. When you file your motion, you MUST state that person's FULL NAME, PLACE OF INCARCERATION, AND PRISONER NUMBER. If you do not provide the needed information, the MDOC will be unable to find that person and cannot produce him or her for your trial. It is up to you to provide the Court with this information. If, based on plaintiff's summary, the Court determines that an incarcerated witness's testimony is relevant, the Court will issue a writ requiring the MDOC to produce the witness at trial.

      Failure of a plaintiff to keep the Court apprised of his current address shall be grounds for dismissal for want of prosecution. *See* W.D. Mich. L.Civ.R. 41.1.

      Non-incarcerated witnesses must be served with a subpoena. Federal Rule of Civil Procedure 45(a)(3) directs the Court Clerk to issue a subpoena, signed but otherwise blank, to a party requesting it. No previous leave of court is necessary for the issuance of a subpoena. A

party requesting a subpoena should be aware, however, that he is responsible for service of the subpoena in compliance with Rule 45. Specifically, the subpoena must be served by delivering a copy to the witness. FED. R. CIV. P. 45(b)(1). Service by mail is insufficient. *See Firefighters Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Furthermore, if the witness's attendance is commanded, <u>the subpoena must be accompanied at the time of service with fees for one day's attendance and the mileage allowed by law</u>. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995); *see also George v. Jones*, No. C 06-2800 CW, 2008 WL 859439, at * 16 (N.D. Cal. Mar. 28, 2008); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at * 1 (W.D. Mich. Nov. 27, 2006). <u>The party requesting a subpoena must pay these fees</u>. The court has no authority to waive such fees or to direct that the government advance them on a party's behalf. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogation recognized on other grounds*, *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 739 n.6 (6th Cir. 2007); *accord Lofton v. Smith*, No. 604cv48, 2007 WL 2728431, at * 2 (S.D. Ga. Sept. 10, 2007) (collecting cases); *Strain v. Sandham*, No. Civ. 5-05-474 GEB GGH P, 2007 WL 867962, at * 5 (E.D. Cal. Mar. 20, 2007). Although a litigant proceeding *in forma pauperis* is constitutionally entitled to waiver of the filing fee, there is no constitutional entitlement to government subsidization of other litigation costs. *Johnson*, 698 F.2d at 289. A subpoena that is not served in accordance with the dictates of Rule 45(b) is "invalid." *Smith*, 162 F.R.D. at 686. Furthermore, Rule 45(c)(1) provides for the protection of persons subject to subpoenas. Rule 45(c)(1) states, "A party . . . responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party . . . who fails to comply." FED.

R. Civ. P. 45(c)(1); *see Caretolive v. Von Eschenbach*, No. 2:07-cv-729, 2008 WL 552431, at * 3 (S.D. Ohio Feb. 26, 2008) (awarding $6,000 in sanctions pursuant to Fed. R. Civ. P. 45(c)(1)).

    **IT IS SO ORDERED**.

Date: March 24, 2010                                               /s/ Paul L. Maloney  
                                                                        Paul L. Maloney  
                                                                        Chief United States District Judge